## S. R. GRAVEN *v.* J. G. SCOTT, ET AL.

**Sheriff—Liability of Sheriff's Bondsmen.**

Where a sheriff has no authority to collect money, his sureties on his bond as sheriff are not liable for the sum thus collected. To render such bondsmen liable the sheriff must have collected the money in his official character by virtue of executions issued and delivered to him.

### APPEAL FROM METCALFE CIRCUIT COURT.

February 27, 1877.

OPINION BY JUDGE ELLIOTT:

The appellant, Graven, brought a suit in the lower court against John U. Young, as he alleges, in which he caused to be issued an attachment against Young's property, which process of attachment came to the hands of appellee, Scott, as sheriff of Metcalfe county, and was by him levied on the personal property of Young. Appellant afterwards applied to the judge of the Metcalfe County Court for an order for the sale of the property attached, which was granted, and the sale bonds were made payable to sheriff, Scott.

Appellee, Scott, made the sale and took sale bonds to himself to the amount of about one hundred fifty dollars. Before the sale bonds became due the circuit court, in which appellant's suit was pending, by its judgment sustained his attachment and ordered the sale bonds in dispute in this action to be paid to appellant at their maturity.

Appellant charges that the appellee, Scott, then sheriff of Metcalfe county, collected these sale bonds, and that he and his sureties on his official bond are responsible to him for their amounts. If the sheriff collected the sale bonds after the judgment of the court directing the obligors in the bonds to pay their amounts to appellant, he did so without authority, unless an execution had been issued on them and placed in his hands for collection, of which there is allegation in appellant's petition.

The presumption must be indulged that the bonds were collected by the sheriff after the obligors had been ordered to pay their amounts to the appellant. As they were not due when the order was made and as he had no authority as sheriff to collect the bonds, of course (appellees) his sureties on his bond as sheriff of Metcalfe county are not responsible for the sum thus collected, unless he did so by virtue of executions issued on said bonds and delivered to him for collection, which is not ordered.

Wherefore the judgment sustaining appellees' demurrer is *affirmed*.

*Compton & Muncie, A. J. and D. James. for appellant.*
*Lewis & Porter, for appellees.*